## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GODFREY B. WALKER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| GEORGE W. HILL CORRECTIONAL FACILITY, et al. | : | NO. 07-2663 |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                    OCTOBER *26* , 2007

On June 29, 2007, Plaintiff Godfrey Walker ("Walker"), filed a pro se Civil Rights

Complaint pursuant to 42 U.S.C. § 1983 against Defendants George W. Hill Correctional Facility

("GWHCF"), prison warden, Ronald Nardolillo ("Nardolillo"), and food service supervisor, B.J.

Patel ("Patel") (collectively "Defendants"), alleging that Defendants violated his civil rights by

failing to provide him a medically-prescribed, non-dairy diet.  Presently before the Court is

Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil

Procedure 12(b)(6).  For the reasons set forth below, Defendants' Motion is denied.

## I. BACKGROUND

Walker is an inmate at GWHCF.  In his Complaint, he alleges that Defendants have

refused to provide him with adequate, non-dairy, meals despite their knowledge that he has been

medically prescribed this special diet by prison doctors.  Specifically, Walker contends:

Because of medical reasons I am a vegetarian and cannot eat foods

> that contain dairy products. The doctors at GWHCF, Drs. Phillips
> and Purner have authorized that I receive a meal with no dairy
> products but I can have fish as my source of protein. The kitchen
> have refused to honor both doctors orders and have told
> Correctional officers numerous times that I should eat the regular
> food they prepare for all inmates. As a result there are numerous
> days that I go without eating a meal. I have been told, "just eat it,
> it won't kill you." Yesterday (5/31/07) I was denied a dinner,
> again.

(Compl. 4.)

Walker states that he has written Nardolillo twice concerning this matter and has received no

response. He also alleges that he has written Patel approximately seven times and has similarly

received no response.

On August 28, 2007, Defendants filed a Motion to Dismiss Plaintiff's Complaint. The

Motion asserts four grounds for dismissal: 1) the claims against Defendants Nardolillo and Patel

in their official capacities must be dismissed due to Walker's failure to allege that a "policy or

custom" of GWHCF violated his civil rights; 2) the Complaint does not allege that Nardolillo

and Patel were "deliberately indifferent" to Walker's constitutional rights and, therefore, does not

establish claims against them in their individual capacities; 3) Nardolillo and Patel are entitled to

qualified immunity in their individual capacities; 4) the claim against GWHCF must be

dismissed due to Walker's failure to allege that a "policy or custom" of the prison violated his

constitutional rights.

## II. LEGAL STANDARD

Federal question jurisdiction exists under 28 U.S.C. § 1331, as this action is brought

pursuant to 42 U.S.C. § 1983, and Plaintiff alleges violations of federal constitutional rights.

When deciding whether to grant a Rule 12(b)(6) Motion to Dismiss, we must accept as

true all well-pleaded allegations in the Complaint and view them in a light most favorable to the Plaintiffs. <u>Doe v. Delie</u>, 257 F.3d 309, 313 (3d Cir. 2001). Therefore, Defendants' Motion will be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id.</u>

## III. DISCUSSION

### A.     Official Capacity and Municipal Liability Claims

Defendants contend that Walker's claim against Nardolillo and Patel, in their official capacities, must be dismissed because Walker has failed to assert that a prison policy deprived him of his constitutional rights. Defendants correctly note that naming a government official in his official capacity is essentially the same as naming the government entity itself, and requires proof that some policy or custom of the entity was the cause of the constitutional deprivation at issue. <u>Monell v. N.Y. City Dept. of Soc. Serv.</u>, 436 U.S. 658, 691 n.55 (1978). Under this theory, a government official becomes liable if he actually or constructively knew of an unconstitutional practice and acquiesced in the result. <u>Baker v. Monroe Twp.</u>, 50 F.3d 1183, 1190-91 (3d Cir. 1995); <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1478 (3d Cir. 1990). Defendants here argue that they cannot be liable in their official capacities because Walker does not assert that a policy or custom of GWHCF violated federal law. However, Walker specifically alleges that he twice wrote Defendant Nardolillo concerning his problems with the food service and wrote Defendant Patel at least seven times. Viewing as true the allegations in the Complaint and construing them in the light most favorable to Walker, Defendants could be liable in their official capacities if evidence is presented that it was the policy or custom of the prison to ignore such grievances. Therefore, Defendants' Motion is denied with respect to the official capacity

3

claims against Defendants Nardolillo and Patel.

Because Defendants similarly move to dismiss the municipal claim against GWHCF based on the same lack of custom or policy argument, Defendants' Motion is also denied with respect to the claim against GWHCF.

**B.      Individual Capacity Claims**

Defendants Nardolillo and Patel argue that Walker has failed to show that they were "deliberately indifferent" to his constitutional rights, and therefore, he has failed to make out claims against them in their individual capacities.  The "deliberate indifference" standard is satisfied when a plaintiff establishes that an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994); Singletary v. Pa. Dep't of Corrections, 266 F.3d 186, 193 n. 2 (3d Cir. 2001).  As noted above, Walker specifically asserts that he wrote Defendants Nardolillo and Patel complaining that he was not being served non-dairy foods.  Accepting these allegations as true, it could be shown that Defendants knew that Walker faced a serious risk of harm by not being served meals in accordance with his prescribed diet, and that Defendants disregarded that risk by failing to ensure that he was served a meal that accorded with his doctors' orders.  Thus, as Defendants have failed to show that there is no set of facts under which they could be found deliberately indifferent, their Motion is denied in this respect.

**C.      Qualified Immunity**

Defendants Nardolillo and Patel additionally assert that they are entitled to qualified immunity in their individual capacities.  Government officials performing discretionary functions

4

are shielded "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Supreme Court has articulated a two-part test to determine whether official action was objectively reasonable and, therefore, entitled to qualified immunity. See Saucier v. Katz, 533 U.S. 194, 200-01 (2001). The Court must first determine whether an official's conduct violated a constitutional right. Id. at 201. In making this determination, the Court must view the facts in a light most favorable to the Plaintiff. See id. Secondly, the Court must determine whether the constitutional right violated was clearly established. Id. "The issue is whether, given the established law and the information available to Defendants, reasonable prison officials in Defendants' positions could have believed that their conduct was lawful." Doe, 257 F.3d at 318.

The Eighth Amendment confers upon prison inmates a right to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980); Gerber v. Sweeney, No. 02-241, 2003 WL 1090187, at * 2 (E.D.Pa. Mar. 7, 2003). Accepting as true the allegations in Walker's Complaint that Nardolillo and Patel knew, by reason of his letters to them, that he was not receiving meals in accordance with those medically prescribed to him, Defendants' conduct, in failing to remedy the situation, violated Walker's Eighth Amendment rights. Regarding the second prong of the analysis, the case law in this district shows that the constitutional right to a nutritionally adequate diet while in prison is well-established. See Gerber, at *4 (collecting cases). Several courts "have recognized and

5

enforced the standard announced in <u>Ramos</u>" that inmates have a constitutional right to

nutritionally adequate meals. <u>Gerber</u>, at \*4. Thus, the Court finds that reasonable officials in

Defendants' positions could not have believed that denying a prisoner a diet to which he has been

medically prescribed was lawful conduct. Therefore, the Defendants are not entitled to qualified

immunity.

     Because the allegations in Walker's Complaint are sufficient to make out individual and

official capacity claims against Nardolillo and Patel and a municipal liability claim against

GWHCF, Defendants' Motion to Dismiss is denied.

     An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| GODFREY B. WALKER, | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| GEORGE W. HILL CORRECTIONAL FACILITY, et al. | : | NO. 07-2663 |
|  | : |  |
| Defendants. | : |  |

## ORDER

**AND NOW**, this 26ᵗʰ day of October, 2007, having considered the Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 10) filed by Defendants Ronald Nardolillo, B.J. Patel, and the George W. Hill Correctional Facility, and Plaintiff's response thereto, it is hereby **ORDERED** that Defendants' Motion is **DENIED** and Defendants shall file an Answer to Plaintiff's Complaint within fifteen (15) days after service of this Order.

BY THE COURT:

_Robert F. Kelly_

ROBERT F. KELLY
SENIOR JUDGE